UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOE LEWIS,

            Plaintiff,

    v.

FEDERAL BUREAU OF
INVESTIGATION, et al.,

            Defendants.

Case No. 4:25-cv-07713-KAW

**ORDER GRANTING MOTION TO DISMISS; ORDER DENYING MOTION TO STAY**

Re: Dkt. Nos. 14, 17

On December 17, 2025, Defendants Federal Bureau of Investigations ("FBI") and U.S. Department of Homeland Security ("DHS") filed a motion to dismiss on the grounds that Plaintiff Joe Lewis failed to exhaust his administrative remedies prior to filing this FOIA lawsuit. (Defs.' Mot., Dkt. No. 14.) On December 22, 2025, Plaintiff filed a motion to stay the case so that he could pursue appeals of the prior FOIA requests and file new FOIA requests "to ensure compliance with the exhaustion requirements of 5 U.S.C. § 552." (Pl.'s Mot. to Stay, Dkt. No. 17 at 1.)

Upon review of the moving papers, the Court finds these matters suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and, for the reasons set forth below, GRANTS Defendants' motion to dismiss without leave to amend and DENIES Plaintiff's motion to stay.

## I.    BACKGROUND

In March 2025, Plaintiff submitted a FOIA request to the FBI (the "FBI Request"). (Compl., Dkt. No. 1 ¶ 6 & Ex C.) On March 12, 2025, the FBI issued a response to the FBI Request. (Compl. ¶ 7 & Ex. D.) In this letter, Michael G. Seidel of the FBI's Record/Information Dissemination Section informed Plaintiff that it was "unable to identify records subject to the

[Freedom of Information/Privacy Act] that are responsive" to Plaintiff's request after conducting a "main entity record search . . . per [FBI's] standard search policy." (Compl. ¶ 7 & Ex. D.) The letter advised Plaintiff of his right to appeal the decision within 90 days if he was "not satisfied with the FBI's determination" by mailing an appeal to the Director, Office of Information Policy ("OIP") of the United States Department of Justice. (Ex. D at 2.) Plaintiff was also invited to contact the Office of Government Information Services ("OGIS") or the FOIA Public Liaison to "seek dispute resolution services." *Id.* The letter further stated: "Utilizing the FBI's dispute resolution services or requesting mediation through OGIS does not toll the ninety (90) day limit to file a timely appeal with OIP." *Id.* The complaint does not allege that Plaintiff submitted an administrative appeal of the FBI Request determination. (*See* Compl.)

On May 7, 2025, Plaintiff submitted a FOIA request to DHSPO (the "DHS Request"). (Compl. ¶ 8 & Ex. A.) On May 12, 2025, DHS issued a response to the DHS Request. (Compl. ¶ 9 & Ex. B at 1.) In this letter, the DHS FOIA, Privacy Office stated: "we determined that your request is too broad in scope or did not specifically identify the records which you are seeking." (Ex. B at 1.) DHS asked Plaintiff to "resubmit your request containing a reasonable description of the records you are seeking." *Id.* at 10. DHS explained that if it did not "hear from [Plaintiff] within 30 days" DHS would "assume you are no longer interested in this FOIA request, and the case will be administratively closed." *Id.* The letter further provided that Plaintiff could appeal the determination "within 90 days" to the Privacy Office, contact the DHS FOIA Public Liaison to discuss "any aspect" of the DHS Request, or contact OGIS to inquire about FOIA mediation services. *Id.* The Complaint also fails to allege that Plaintiff submitted an administrative appeal of the DHS Request or took any of the above-mentioned steps. (*See* Compl.)

On September 10, 2025, Plaintiff filed this lawsuit. On December 17, 2025, Defendants filed a motion to dismiss. (Defs.' Mot., Dkt. No. 14.) On December 22, 2025, Plaintiff filed an opposition to the motion to dismiss. (Pl.'s Opp'n, Dkt. No. 18.) On January 6, 2026, Defendants filed a reply. (Defs.' Reply, Dkt. No. 21.)

Also on December 22, 2025, Plaintiff filed a motion to stay. (Pl.'s Mot. to Stay, Dkt. No. 17.) On January 5, 2026, Defendants filed an opposition. (Defs.' Opp'n to Mot. to Stay, Dkt. No.

*United States District Court*
*Northern District of California*

20.)  Plaintiff's reply was due on or before January 12, 2026. (*See* Dkt. No. 17.)  On February 1, 2026, Plaintiff filed an administrative motion for leave to file an untimely reply. (Dkt. No. 24.)[1] Plaintiff's request for leave to file the untimely reply was granted, and the reply was considered filed as of February 1, 2026. (Dkt. No. 25; Pl.'s Reply, Dkt. No. 24-2.)

## II.    DISCUSSION

### A.    Motion to Dismiss

Defendants move to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) on the grounds that Plaintiff failed to exhaust his administrative remedies based on his failure to plausibly allege compliance with the agency appeal requirement. (Defs.' Mot. at 5.)

The Freedom of Information Act ("FOIA") was designed to "ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242, 98 S.Ct. 2311, 57 L.Ed.2d 159 (1978). When an individual "submits a FOIA request to a federal agency, FOIA requires the agency to determine within twenty days whether to comply with the request or to notify the requester of any 'unusual circumstances' requiring additional time to respond." *Corbett v. Transportation Sec. Admin.*, 116 F.4th 1024, 1025 (9th Cir. 2024) (citing *Hajro v. U.S. Citizenship & Immigr. Servs.*, 811 F.3d 1086, 1093 (9th Cir. 2016)).  If dissatisfied, a requester can challenge the adequacy of a response in court, but they must "first exhaust available administrative remedies, including an appeal within the agency." *Aguirre v. United States Nuclear Regul. Comm'n*, 11 F.4th 719, 725 (9th Cir. 2021).  "Exhaustion under FOIA is a prudential rather than jurisdictional consideration, however, so courts can waive the requirement when, for example, further administrative proceedings would prove futile." *Id.* at 725 (citing *Yagman v. Pompeo*, 868 F.3d 1075, 1083–84 (9th Cir. 2017)).

In opposition, Plaintiff concedes that he failed to exhaust because "appeals were not timely filed after the agencies' initial FOIA responses." (Pl.'s Opp'n at 2.)  Even so, Plaintiff

---

[1] Plaintiff also requested leave to file an opposition to the motion to dismiss, but he timely filed his opposition. (*See* Dkt. No. 18.)

United States District Court
Northern District of California

argues that the case should be stayed to permit exhaustion. *Id.*  The Court disagrees for the reasons discussed below in connection with Plaintiff's pending motion to stay. (*See* discussion, *infra,* Part II.B.)

Alternatively, Plaintiff argues that the claims should not be dismissed with prejudice because the futility exception may apply. (Pl.'s Opp'n at 2.)  In some circumstances, "courts will entertain a case when exhaustion 'would have been futile.'" *Missud v. S.E.C.*, No. C-12-0161-DMR, 2012 WL 1225858, at *4 (N.D. Cal. Apr. 11, 2012) (quoting *Marine Mammal Conservancy, Inc. v. Dep't of Agric.,* 134 F.3d 409, 411 (D.C.Cir.1998)).  To show futility, "[i]t must appear that pursuing available administrative remedies would have been clearly useless, that the ultimate denial of relief was a certainty." *Marine Mammal Conservancy, Inc.,* 134 F.3d at 411 (citations and quotation marks omitted).  While he may have faced an uphill battle, Plaintiff fails to provide any facts to suggest certain futility. (*See* Pl.'s Opp'n at 2.)  In fact, the agency letters direct Plaintiff to other resources for assistance or to address his requests, including FOIA mediation services. (*See* DHS Letter, Compl. Ex. B at 2.)  Thus, the Court finds that the circumstances do not warrant waiving the exhaustion requirement, which would otherwise deprive the agencies of their ability to "function efficiently[,] ... [to] have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review." *Corbett v. Transportation Sec. Admin.*, 116 F.4th 1024, 1029 (9th Cir. 2024) (quoting *Weinberger v. Salfi*, 422 U.S. 749, 765, 95 S. Ct. 2457, 2467, 45 L. Ed. 2d 522 (1975) (internal quotations omitted)).

In reply, Defendants contend that "[t]he administrative exhaustion doctrine dictates that Defendants should have an opportunity to review and correct what Plaintiff perceives to have been erroneous adjudications of his FOIA requests, and to create 'a useful record should judicial review become necessary.'" (Def.'s Reply at 4 (quoting *Aguirre*, 11 F.4th at 725) (internal quotations omitted).)  The Court agrees.

Accordingly, the motion to dismiss is granted on the grounds that Plaintiff's failure to comply with the agency appeal requirement constitutes a failure to exhaust administrative remedies.

4

United States District Court
Northern District of California

**B.      Motion to Stay**

Next, Plaintiff moves to stay the instant proceeding pending the exhaustion of administrative remedies. (Pl.'s Mot. to Stay at 1.)  Plaintiff contends that a stay would provide the agencies with an opportunity to resolve the dispute at the administrative level and potentially obviate the need for further judicial intervention. *Id.* at 2.  During the pendency of the stay, Plaintiff would "[s]ubmit new, specific FOIA requests to the FBI and DHS" and submit administrative appeals regarding the prior requests. (*Id.;* Pl.'s Reply at 1-2.)

In opposition, Defendants argue that not only has Plaintiff failed to show that a stay is warranted, but that he has failed to show that a stay would be in the interest of judicial economy. (Defs.' Opp'n to Mot. to Stay at 1.)  Specifically, Defendants contend that a stay would be inefficient based on Plaintiff's interest in filing appeals on the prior FOIA requests and submitting new ones, because "Plaintiff's ultimate claims (and this lawsuit) will be vastly different than the current Complaint." *Id.* at 1-2.  The Court agrees and finds that judicial economy would be better served by dismissing the instant lawsuit so that Plaintiff may file new FOIA requests.

Accordingly, Plaintiff's motion to stay is denied.

### III.    CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss (Dkt. No. 14) is GRANTED without leave to amend, and the case is dismissed with prejudice.  Plaintiff's motion to stay (Dkt. No. 17) is DENIED.  This dismissal does not preclude Plaintiff from submitting new FOIA requests, and later filing a future lawsuit based on those requests should he be dissatisfied with the responses, but such a lawsuit should be filed only after fully exhausting administrative remedies.

The Clerk shall close the case.

IT IS SO ORDERED.

Dated: February 26, 2026

_____
KANDIS A. WESTMORE
United States Magistrate Judge